**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **Aisha Waldrup & Household,**<br><br>***Plaintiff,***<br>**v.**<br><br>**Freedom Mortgage and/or Stanley Middleman, Jeff Leva and/or Nestor Solutions and/or Archwell Management LLC and/or Archwell Holdings LLC, MERS and/or Ice Mortgage Services, LLC,**<br><br>***Defendants.*** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO.** __________ |

**DEFENDANTS' NOTICE OF REMOVAL**

Defendants Freedom Mortgage Corporation ("Freedom Mortgage), Mortgage Electronic Registration Systems, Inc. ("MERS"), Stanley Middleman ("Middleman"), Jeff Leva ("Leva"), Nestor Solutions, LLC ("Nestor"), ICE Mortgage, Services, LLC ("ICE"), Archwell Management LLC and/or Archwell Holdings LLC ("Archwell," herein collectively "Defendants") hereby remove to this Court the state court civil action described below pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). As grounds for the removal, Defendants respectfully state the following:

**I. INTRODUCTION**

1. On July 5, 2024, Plaintiff Aisha Waldrup and Household ("Plaintiff") filed *Plaintiff's Motion for Judicial Review of and to Declare Invalid Assignment of Deed of Trust and Correction of Originally Recorded Instrument* in Case No. 2024-42811, in the 61st Judicial Civil District Court in and for Harris County, Texas (the "Petition").

2. In the Petition, Plaintiff brings suit against Defendants challenging the validity of a home loan secured by residential property located at 17107 Mountain Crest Dr., Spring, Texas (the

"Property"). Plaintiff, further, seeks a declaratory judgment preventing Defendants from foreclosing on the Property.

3. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by Defendants are attached hereto and marked as composite **Exhibit A** and incorporated herein by reference.

## II. TIMELINESS OF REMOVAL

4. To date, none of the Defendants have been served with citation in this matter; therefore, this notice of removal is timely. 28 U.S.C. § 1446(b).[1]

## III. BASIS FOR REMOVAL: DIVERSITY JURISDICTION

5. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. This action may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(b) because this action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A. Complete Diversity Exists between Plaintiff and Properly Joined Defendants.

6. Upon information and belief, Plaintiff is an individual, citizen and resident of Harris County, Texas.[2]

7. **Freedom Mortgage** is a New Jersey corporation with its principal place of business in Boca Raton, Florida. A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business.[3] Therefore, Freedom Mortgage is a citizen of New Jersey and Florida for purposes of diversity jurisdiction.

---

[1] *See also Thompson v. Deutsche Bank Nat'l Tr. Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S.Ct. 1322, 143 L.Ed. 448 (1999) (the federal removal and jurisdiction statutes "clearly provide that a defendant's right to removal runs from the date on which it is formally served with process.").

[2] *See* Compl. ¶ 1; *see also Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (For purposes of determining citizenship, "[e]vidence of a person's place of residence [] is prima facie proof of his domicile.").

[3] 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-90 (2005).

8. **MERS** is a corporation, which is considered to be a citizen both of its state of incorporation and of its principal place of business. MERS is a Delaware corporation with its principal place of business in Virginia. Thus, MERS is a citizen of Delaware and Virginia for diversity purposes.

9. **Nestor** is a Florida limited liability company with its principal place of business in Florida. Nestor's member is **Archwell Management LLC** which is a Florida limited liability company with its principal place of business in Florida. Archwell Management LLC's member is **Archwell Holdings LLC** which is a Florida limited liability company with its principal place of business in Florida. Archwell Holdings LLC's members are two trusts, of which the trustees are individuals who are citizens of Pennsylvania and New York, respectively. As such, Nestor and Archwell are citizens of Pennsylvania and New York for purposes of diversity jurisdiction.

10. **ICE** is a Delaware limited liability company with a principal place of business in Georgia. ICE's member is ICE Mortgage Technology Holdings, Inc., which is a Delaware corporation with its principal place of business in Georgia. As such, ICE is a citizen of Delaware and Georgia.

**B. The Remaining Defendants Are Improperly Joined.**

11. The citizenship of the remaining defendants should be disregarded for the diversity analysis because they are improperly joined and only nominal parties.

12. While complete diversity is required for diversity jurisdiction, diversity cannot be destroyed by a plaintiff improperly joining a non-diverse defendant.[4] A finding of fraudulent or improper joinder is appropriate when "there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the

[4] *See, e.g., Cuevas v. BAC Home Loans Servicing, L.P.*, 648 F.3d 242, 249 (5th Cir. 2011); *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

district court to predict that the plaintiff might be able to recover against the in-state defendant."[5] A "mere theoretical possibility of recovery under local law will not preclude a finding of improper joinder."[6]

13. In deciding whether a defendant has been improperly joined, the Court should look to the allegations in the plaintiff's pleading at the time of removal and conduct a Rule 12(b)(6)-type analysis to determine whether the plaintiff states a claim against the non-diverse defendant.[7]

14. Plaintiff also names individuals Stanley Middleman and Jeff Leva as defendants in her Complaint.[8] Plaintiff does not describe these individuals, nor is it clear what claims Plaintiff is bringing against the substitute trustees. *Id.* However, a substitute trustee is not a necessary party for the Plaintiff to obtain relief, and their citizenship can be disregarded for the purposes of diversity.[9]

15. Accordingly, because Plaintiff is a citizen of Texas and all properly joined defendants are not citizens of Texas, complete diversity of citizenship exists between all properly joined parties and removal is proper.

---

[5] *Smallwood,* 385 F.3d at 573.
[6] *Id*., at 837 n. 9.
[7] *Id*. Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim for which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Aschroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While the factual allegations need not be overly detailed, a plaintiff must provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).
[8] Compl.
[9] *See Gregory v. S. Tex. Lumber Co.,* 216 S.W. 420, 421 (Tex. Civ. App.-San Antonio 1919, writ dism'd w.o.j.) (substitute trustee is a nominal party in foreclosure); *see also Corfield v. Dallas Glen Hills, LP,* 355 F.3d 853, 857 (5th Cir. 2003)("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy")).

**C. The amount in controversy exceeds $75,000.00.**

16. Plaintiff seeks declaratory relief preventing foreclosure of the subject Property. When such relief is sought, the amount in controversy is measured by the value of the object of the litigation.[10]

17. When the "object of the mortgagor's litigation [is] the protection of his entire property," the fair market value of the property is the proper measure of the amount in controversy.[11] In this instance, the value of the subject property located at 17107 Mountain Crest Dr., Spring, Texas, amounts to at least $323,183.[12] Therefore, based on the value of the relief sought by Plaintiff in the Complaint, the amount in controversy exceeds $75,000.00.

## V. VENUE

18. Venue for this Removal is proper in the United States District Court for the Southern District of Texas, Houston Division, because this district includes Harris County, Texas—the location of the pending state court action.

## VI. ADDITIONAL REQUIREMENTS

19. Written Notice of Removal will be provided to Plaintiff and filed with the District Clerk of Harris County, Texas.

20. This Notice of Removal is signed pursuant to FED. R. CIV. P. 11. *See* 28 U.S.C. § 1446(a).

---

[10] *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).
[11] *Id.*
[12] *See* Harris County Appraisal District Summary attached as **Exhibit B**. It is appropriate for the court to take judicial notice of the Harris County Tax Appraisal because it is of public record and the information it provides is readily ascertainable and the source—the Harris County Tax Appraisal District—cannot reasonably be questioned. *See Funk v. Stryker*, 631 F.3d 777, 783 (5th Cir. 2011).

21. In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Defendants respectfully request the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

22. Plaintiff did not make a jury demand in the Complaint.

23. Having satisfied the requirements for removal, Defendants give notice that Case No. 2024-42811, in the 61st Judicial Civil District Court in and for Harris County, Texas has been removed to this Court.

Respectfully submitted,

By: *[/s/ Kathryn B. Davis](#)*

**KATHRYN B. DAVIS**
State Bar No. 24050364
kdavis@mcglinchey.com
**MCGLINCHEY STAFFORD, PLLC**
1001 McKinney, Suite 1500
Houston, Texas 77002
Telephone : (713) 520-1900
Facsimile: (713) 520-1025

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE AND NOTICE OF FILING

I certify that on September 3, 2024, the foregoing Notice of Removal was filed with the District Clerk of Harris County, Texas, and that written notice of filing of the Notice of Removal was served upon Plaintiff.

*/s/ Kathryn B. Davis*
**KATHRYN B. DAVIS**

## CERTIFICATE OF SERVICE

I certify that on September 3, 2024, a true and correct copy of the foregoing was served pursuant to the FEDERAL RULES OF CIVIL PROCEDURE as follows:

***Via Certified Mail, Tracking No.***
***9414 7266 9904 2207 9374 36***
***and First Class Mail***

Aisha Waldrup and Household
17107 Mountain Crest Dr.
Spring, Texas

*/s/ Kathryn B. Davis*
**KATHRYN B. DAVIS**