**UNITED STATES DISTRICT COURT** **SOUTHERN DISTRICT OF TEXAS**

United States Courts
Southern District of Texas
FILED

JAN 27 2025

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| **Waldrup Estate, c/o Aisha Waldrup, et al.,** | ) | |
| **Relators,** | ) | |
| **v.** | ) | **CIVIL NO. _4:24-cv-03275** |
| **Cardinal Financial Inc. c/o: U.S. Bank Shares,** | ) | **JURY DEMAND** |
| **Dovenmuehle Mortgage Inc.,** | ) | **"JUDGES COPY"** |
| **Freedom Mortgage Corp.,** | ) | **JUDGE ALFRED BENNET** |
| **Mortgage Electronic Registration Systems** | ) | |
| **MERS Inc.,** | ) | |
| **Experian Inc.,** | ) | |
| **Equifax Inc.,** | ) | |
| **Trans Union Inc.,** | ) | |
| **Freedom Holdings Corp., et al.,** | ) | |
| **Defendants.** | | |

**RELATOR'S AMENDED COMPLAINT CLARIFICATION AND NEW JOINDER**

# Introduction

Relator files this Judicial Brief titled " Relator" Amended Complaint – Clarification and Joinder of Parties", *in* support of her Amended Complaint [dkt 19], that was in the custody of United States Postal Service January 13, 2025, and was filed timely under authority of 27 CFR 70.305. Asserting claims arising from Defendants' systemic misconduct, including fraud, breach of fiduciary duties, violations of the Uniform Commercial Code (UCC), the Texas Trust Code, the Texas Business & Commerce Code, federal tax laws, and the Racketeer Influenced and Corrupt Organizations Act (RICO). Relator seeks equitable relief, compensatory damages, punitive damages, and other remedies for Defendants' deceitful practices that caused significant financial, emotional, and reputational harm.

---

## I. Nature of the Action

1. Relator, Waldrup Estate, c/o Aisha Waldrup, brings this action for damages and equitable relief stemming from Defendants' collective misconduct, including breaches of trust contract, fiduciary duties, and fraud. Defendants violated multiple provisions under the **Texas Trust Code**, including **Sec. 112.031, 112.032,** and **112.054,** as well as the **Texas Deceptive Trade Practices Act (DTPA)** and **Texas Business & Commerce Code §27.01,** fraud in real estate transactions. Including, yet not limited to, the lack of enforceability of invalid instruments, Relator's claims and defenses available to alleged

obligors, the obligations of fiduciaries, and mechanisms for discharging invalid, and or fraudulent claims, pursuant to: Tex. Bus. & Com. Code § 3.305(a)(1)(A), (B), and (C); Tex. Bus. & Com. Code § 3.306, Tex. Bus. & Com. Code § 3.307(2)(B), (4)(B) and (C); Tex. Bus. & Com. Code § 3.308(a), Tex. Bus. & Com. Code § 3.309(a)(2), (3(b) and (a); Tex. Bus. & Com. Code § 3.310(a)(2), Tex. Bus. & Com. Code § 3.311(a)(1).

2. Relator asserts Defendants manipulated and misrepresented a purported mortgage agreement, concealing its true nature as a unilateral trust agreement, and mishandled payments, resulting in financial, reputational, and emotional harm. Relator further alleges violations of the **Civil Racketeer Influenced and Corrupt Organizations Act (RICO)**, **Uniform Commercial Code (UCC)** provisions regarding negotiable instruments, and federal securities laws.

3. Under **UCC §3-109(b)**, a note endorsed "Pay to the Order of" transforms into a negotiable instrument, functionally equivalent to cash. According to **UCC §3-205(a)** and **§3-303(a)**, these instruments become liquid assets that Defendants used to create financial securities, profiting at Relator's expense.

4. In **Carpenter v. Longan**, the Supreme Court established that a mortgage must travel with the note. Defendants violated this principle by concealing material facts, unjustly enriching themselves, and perpetuating financial and constitutional harm. Relator alleges this scheme infringed on her freedom of worship by manipulating her participation in an unlawful trust agreement, to facilitate the sell, trade, exchange and or liquidation of fraudulent securities. In addition, the mortgage lien recorded 2021-26646 in Harris County public records have been declared to be a fraudulent lien base upon Texas 51.903 state court claim: "Action on a Fraudulent Lien", recorded July 16, 2024. Referencing In

Carpenter v. Longan, 83 U.S. 271 (1872)("The note and mortgage are inseparable, **the note follows the deed of trust, therefore the note has been deemed fraudulent as well.** Further affirming the invalidity of both, the note and deed of trust, the Texas 51.903 state claim is undisputable per Funk v. Stryker Corp. "noting that the approval process was a matter of public record." *Funk v. Stryker Corp.*, 631 F.3d 777, 779 (5th Cir. 2011), just as the completed 51.903 Texas state lawsuit against Defendants. Defendant hired counsel to obstruct justice and attempt to continue to conceal the ongoing fraud. Defendants MERS, Freedom Mortgage Corp., nor any of their affiliates, nor any of the Defendants enjoined in this matter or prior matters, have ever file foreclosure, despite the fraudulent documents mailed to the Relator, per audio, exhibit______, [dkt____].

5. All Defendants, including servicers, trustees, credit reporting agencies, and financial entities, conspired to conceal the Relator's role as settlor, misrepresenting the note's nature and transferring it for unjust gains, whiling continuing to conceal Relator true balance of the purported mortgage agreement. Under **16 CFR 433.2**, Relator retains the right to assert claims and defenses against all Defendants' misconduct.

---

## II. Parties

**Relator:**

6. Waldrup Estate, c/o Aisha Waldrup, of Texas equitable-law enforcement, and **settlor** of the trust agreement per **Texas Trust Code Sec. 112.001(a) herein known as Relator**. Relator is the original **holder-in-due-course** of the note per **Texas Business and Commerce Code Sec. 3.302**, and asserts rightful ownership of the note based on material

concealment of its nature, terms, in addition to ongoing concealment of the true value, and principal balance.

**Defendants:**

7. **Cardinal Financial Corporation** ○ Mortgage originator that misrepresented the trust agreement and concealed material facts, including a $4,600 refund of "unsourced earnest monies", which invalidate the principal balance of any alleged debt. Subject to regulations under the SEC, HUD, FHA, CFPB, and Texas laws.
8. **Dovenmuehle Mortgage Inc.**
    - Purported servicer that mishandled payments, failed to communicate with Relator, and concealed the true nature of the trust agreement, as well as ongoing concealment on true value of instrument and principal balance. Subject to Texas UCC, CFPB rules, and federal regulations.
9. **Freedom Mortgage Corporation**
    - Subsequent servicer that continued the fraudulent practices, including altering payment histories and concealing material facts, specifically, claims of "unsourced earnest monies", which conflicts with earnest money true receipt, and ultimately invalidate the principal balance of any alleged debt. In addition to failing to mail Relator any mortgage statements.
10. **Experian, Equifax, and TransUnion** ○ Credit reporting agencies that perpetuated inaccuracies in Relator's credit file, relying on fraudulent data from Defendants. Regulated under the **Fair Credit Reporting Act (FCRA)**.

11. **Freedom Holdings Corp.**

    - Financial entity trading the fraudulent securities created from the note. Governed by the SEC, IRS, and Texas securities laws.

12. **Mortgage Electronic Registration Systems (MERS)** o Nominee and deed trustee that facilitated the concealed trust agreement, misrepresented the mortgage, and benefited from fraudulent securities. Subject to the **Texas Trust Code**.

---

## III. Enjoinment Pursuant to 16 CFR 433.2

13. All Defendants are enjoined for failing to disclose that Relator is the **settlor** of an invalid trust agreement and for profiting from a fraudulent financial security. Per **16 CFR 433.2**, Relator retains the right to assert claims and defenses against all parties benefiting from the consumer credit contract. This misconduct underscores Defendants' ongoing violation of fiduciary duties, UCC provisions, and trust laws, necessitating equitable relief and the return of Relator's note.

---

## Factual Background Section

### A. The Mortgage Agreement and Initial Misrepresentations

14. Re-allege 1-13
15. On January 15, 2021, Relator Waldrup Estate, c/o Aisha Waldrup, entered into a purported mortgage agreement with Defendant Cardinal Financial Corporation to purchase a property. Cardinal Financial misrepresented the agreement as a purchase

money agreement, asserting tangible funds would be delivered to the Relator. However, no tangible funds were extended; instead, it appears credits were placed in a third-party account, contradicting the Relator's understanding and breaching the purported purchase money agreement.

**B. Concealment of $4,600 Refund and Inaccurate Loan Terms**

16. Cardinal Financial concealed a $4,600 refund labeled as "unsourced earnest money," which was improperly financed within the principal balance, creating inaccuracies in the interest rate and terms. This concealment rendered the loan agreement void ab initio under established legal precedent.

## C. Mishandling of Federal CARES Act Payments

17. **Ongoing Mismanagement of Federal Funds**

Between April 2022 and April 2023, Defendants **Cardinal Financial** and **Dovenmuehle Mortgage Inc.** received over $22,000 in CARES Act and Homeowner Assistance Fund payments on Relator's behalf. Instead of applying these funds to Relator's mortgage account in good faith, Defendants placed the funds into suspended accounts. This deliberate mismanagement enabled Defendants to continue charging interest, calculating late fees, and falsely reporting Relator as delinquent. Such actions mirror the misconduct addressed in **In re Nosek, 363 B.R. 643 (Bankr. D. Mass. 2007)**, where improper use of suspense accounts and failures in proper fund allocation caused significant harm to the borrower.

18. **Violations of Good Faith and Transparency**

The failure to properly apply CARES Act funds constitutes a breach of Defendants' duty

of good faith and fair dealing, as mandated under **Texas Business and Commerce Code § 1.304**. Furthermore, by withholding accurate information from the Relator and continuing to report her as delinquent, Defendants violated federal regulations tied to the CARES Act program and associated consumer protection laws. These actions reflect a systemic failure to meet fiduciary and contractual obligations, further exacerbating Relator's financial and reputational injuries.

19. **Application of Doctrines of Equitable Tolling, Discovery, and Estoppel**

- **Equitable Tolling**: Defendants' ongoing concealment of their mishandling of funds and inaccurate reporting effectively tolls the statute of limitations. The Relator, despite reasonable diligence, could not have discovered the extent of the mismanagement due to Defendants' deliberate use of suspense accounts and their failure to provide transparent records.
- **Doctrine of Discovery**: Relator only became aware of Defendants' misconduct after an independent review of account records and notices from federal program representatives. This delayed discovery further underscores Defendants' role in concealing critical facts, which contributed to Relator's continued financial harm.
- **Estoppel**: Defendants are equitably estopped from asserting defenses to their conduct, as their actions—including withholding proper account statements, misreporting delinquencies, and mismanaging CARES Act funds—induced reliance by Relator, who was unaware of their misconduct.
- **Statute of Frauds**: Defendants' failure to properly document the allocation of federal funds and their concealment of material facts regarding fund mismanagement render their

claims invalid under the **statute of frauds**, which requires transparency and proper documentation in contractual matters.

20. **Impact on Relator and Ongoing Harm**

    Defendants' actions caused Relator significant financial loss, reputational harm, and emotional distress. By failing to apply CARES Act funds as intended, Defendants exacerbated Relator's financial situation, damaged her credit, and caused unwarranted stress and uncertainty. These harms are ongoing, as Defendants continue to profit from their fraudulent practices, unlawfully accruing interest and penalties on Relator's account while failing to rectify the mismanagement of federal funds.

**D. Fraudulent Servicing Transfers and Concealment**

21. In August 2023, Freedom Mortgage Corporation became the purported servicer of Relator's mortgage. Freedom Mortgage perpetuated the pattern of fraud by altering payment histories, issuing false delinquency notices, and failing to validate the debt. Freedom Mortgage has never mailed a mortgage statement to Relator, further obstructing her rights.

**E. Alteration of Relator's Mortgage Deed Without Consent**

22. In January 2024, Relator received documents from Mortgage Connect indicating unauthorized changes to her deed of trust, including altered escrow numbers and mortgage company information. This a known scheme of Mortgage Connect, and Washington state has fined Mortgage Connect for these actions, causing harm to more than 500 consumers in Washington site, see in exhibit ______, and logically presume are actively violating Texas consumers. Harris County Financial Crimes Unit confirmed

forgery and fraud after investigating the matter. On March 22, 2024, Relator filed a petition under **Texas Property Code §51.903**, resulting in a lawful ex parte decision voiding the fraudulent liens on June 3, 2024.

**F. Failure to Notify Federal Agencies of Invalidated Mortgage**

23. Despite Relator's consistent notices, Defendants failed to notify federal agencies, including the SEC and HUD, of the invalidated mortgage. The fraudulent lien removal was recorded on July 16, 2024, providing Defendants ample time to appeal, which they failed to do. The property in publicly announced, recorded an certified to have a bona fide new owner, per Harris County Deputy Clerk, as well as Harris County Appraisal District, the Respondents and their counsel only brought this case into Judge Alfred Bennet's court for purely harassment and oppress per FRCP 11(b)(1-4).

**G. Uniform Commercial Code (UCC) Violations**

24. **Negotiable Instruments (UCC §§3-104, 3-109):** Relator's note was improperly endorsed and securitized, transforming it into a liquid financial asset without her knowledge consent, nor valuable consideration; Defendants gave nothing but, an illusion of "a loan received", ONLY.

25. **Conversion to Liquid Asset (UCC Article 9):** The note, endorsed "Pay to the Order of Cardinal Financial," was treated as cash-equivalent property and monetized by Defendants through fractionalization and securitization.

26. **Supreme Court and Fifth Circuit Authority:** Decisions in **Carpenter v. Longan** and **In re Veigel Farms** affirm that endorsed notes become marketable financial instruments. Defendants violated fiduciary duties by failing to disclose the note's transformation and profiting at Relator's expense.

### H. Misrepresentation and Concealment

27. Defendants, including MERS and Cardinal Financial, concealed the securitization and liquidation of Relator's note. This violated fiduciary duties under **Texas Property Code §113.051** and deprived Relator of her rights to the asset's monetary value.

### I. Attorney Misconduct and Concealment

28. Defense counsel knowingly concealed material facts and defended fraudulent actions in violation of professional ethics and federal laws, including **18 U.S.C. §7206** (tax fraud), **15 U.S.C. §77q(a)** (SEC fraud), and **31 U.S.C. §5311** (anti-money laundering violations). This misconduct enabled Defendants to perpetuate fraud against the Relator.

---

## Defendants Are Barred by the Doctrine of Estoppel

29. The Defendants are precluded from asserting claims or defenses under multiple forms of estoppel due to their actions, misrepresentations, and omissions:

1. **Promissory Estoppel** o **Definition:** Prevents a party from retracting a promise when another reasonably relies on it to their detriment.
    - **Application:** Defendants falsely represented fair dealings and compliance with laws, inducing Relator to rely on these promises. Their subsequent concealment of material facts caused Relator financial harm, barring them from denying these promises.
2. **Judicial Estoppel** o **Definition:** Prevents a party from taking a position contrary to one previously asserted in legal proceedings.

- **Application:** Defendants previously argued the validity of the loan agreement in state court proceedings. They are barred from asserting inconsistent claims in this case.

3. **Issue Preclusion (Collateral Estoppel)** ○ **Definition:** Prevents re-litigation of issues already decided in prior proceedings involving the same parties.
    - **Application:** The June 3, 2024, state court decision under Relator's Texas State 51.903 claim resolved key issues regarding Defendants' conduct, barring relitigation in this case.
4. **Contractual Estoppel** ○ **Definition:** Applies when a party violates contractual obligations and later attempts to assert inconsistent rights under the same contract.
    - **Application:** Defendants' concealment of the mortgage's securitization terms violated express and implied contractual obligations, barring them from asserting contractual rights against Relator.
5. **Equitable Estoppel** ○ **Definition:** Prevents a party from asserting claims or defenses inconsistent with their prior misleading conduct or silence when another relies to their detriment. ○ **Application:** Defendants' omissions about the securitization of Relator's mortgage caused harm and preclude them from asserting claims inconsistent with their conduct.
6. **Estoppel by Acquiescence**
    - **Definition:** Applies when a party fails to act on known discrepancies or fraudulent actions, effectively agreeing to their invalidity.
    - **Application:** Defendants had knowledge of Relator's objections and failed to act, acquiescing to Relator's reliance on their inaction.

### Conclusion on Estoppel

30. Defendants' conduct invokes multiple forms of estoppel—promissory, judicial, collateral, contractual, equitable, and estoppel by acquiescence. These doctrines independently and collectively bar Defendants from asserting inconsistent claims or defenses, given their misleading actions, material misrepresentations, and the harm caused to Relator.

---

## Counts

### Count I: Fraud in Real Estate Transactions

**(Texas Business & Commerce Code §27.01)**

31. Re-alledge 14-30

32. **Nature of the Claim:**

Defendants Cardinal Financial Inc., MERS Inc., and Dovenmuehle Mortgage Inc. knowingly misrepresented the mortgage agreement, concealing its true nature as a trust agreement under the Texas Trust Code. Defendants further perpetrated fraud by failing to disclose material facts, including the concealment of a $4,600 "unsourced earnest money refund," improperly financing it within the Relator's loan.

33. **Legal Violations:**

    1. Misrepresented the Relator's loan as a valid bilateral agreement while concealing its unilateral trust structure.
    2. Fraudulently induced Relator to enter an agreement transferring her property rights into a trust for Defendants' financial gain.

3. Falsely claimed delivery of loan consideration, violating UCC §§3-104 and 3-303.

---

## Count II: Violations of the Uniform Commercial Code (UCC)

**(UCC §§3-104, 3-303, 3-302)**

34. Re-alledge 31 - 33

35. **Nature of the Claim:**

Relator's note was improperly endorsed and treated as an asset by Defendants, despite lacking lawful consideration or authorization. Defendants fractionalized the note to create liquidity and traded it as a financial instrument without Relator's consent, violating UCC standards.

36. **Legal Violations:**

1. Failure to provide consideration for the negotiable instrument (UCC §3-303).
2. Unauthorized use of Relator's note for securitization and fractionalization (UCC §9-203).

---

## Count III: Breach of Fiduciary Duties

**(Texas Trust Code §§112.031, 112.032)**

37. Re-alledge 34 - 36
38. **Nature of the Claim:**

Defendants violated fiduciary duties by acting in bad faith, concealing trust arrangements, and mismanaging Relator's trust assets for their unjust enrichment.

39. **Legal Violations:**

1. Concealment of trust terms and breach of fiduciary obligations under Texas Trust

Code §§112.031, 112.054.

2. Failure to act in the best interests of the Relator as a trust beneficiary.

---

## Count IV: Violations of Federal Tax Reporting Laws

**(26. S.C. §§6050H, 61, 7206)**

40. Re-alledge 37 - 39

41. **Nature of the Claim:**

Defendants filed inaccurate tax documents (Form 1098), misreported mortgage interest, and concealed securitization details, causing Relator to incur higher tax liabilities and miss rightful deductions.

42. **Legal Violations:**

1. Failure to file accurate Form 1098s (26 U.S.C. §6050H).
2. Misreporting of interest payments and forgiven debt (26 U.S.C. §61).

---

## Count V: Civil RICO Violations

**(18 . S.C. §1962)**

43. Re-alledge 40 - 42

44. **Nature of the Claim:**

Defendants engaged in racketeering through mail and wire fraud, trading fraudulent instruments, and leveraging Relator's assets for profit.

---

### Count VI: Violations of the Texas Debt Collection Act

**(Texas Business & Commerce Code §392)**

45. Re-alledge 43 - 44

46. **Nature of the Claim:**

Defendants: "Cardinal", "Dovenmuehle", Kathryn Buza Davis, McGlinchey Law Firm, Experian, Equifax, and TransUnion acted as unregistered debt collectors in Texas, attempting to enforce fraudulent claims against Relator's property.

---

### Count VII: Violations of the Fair Credit Reporting Act (FCRA)

**(15 .S.C. §1681)**

47. Re-alledge 45 - 46

48. **Nature of the Claim:**

Experian, Equifax, and TransUnion perpetuated inaccuracies on Relator's credit report by publishing fraudulent data provided by Defendants, despite receiving judicial orders and certified disputes from Relator.

---

# Conclusion

Defendants' systematic and ongoing violations of state and federal laws, including breaches of the Uniform Commercial Code (UCC), the Texas Trust Code, federal tax laws, and the Fair Credit Reporting Act (FCRA), have caused Relator significant financial, emotional, and reputational harm. By concealing material facts, misrepresenting the nature of the purported

mortgage agreement, and profiting unjustly from the transformation of Relator's note into a liquid financial instrument, Defendants have demonstrated a pattern of deceit and misconduct.

The doctrines of equitable tolling, discovery, and estoppel apply here, ensuring that Defendants cannot evade accountability by relying on their deliberate concealment of material facts and mismanagement of funds. Furthermore, Defendants' actions constitute fraud under both the Texas Deceptive Trade Practices Act (DTPA) and federal racketeering statutes, necessitating full judicial scrutiny and relief for the Relator. This court must hold Defendants accountable to restore the integrity of contractual and fiduciary obligations.

---

## Relief and Remedies

Relator seeks comprehensive relief and remedies to address the Defendants' egregious conduct, as follows:

1. **Declaratory Judgment:**
    1. Declare the purported mortgage agreement void ab initio due to fraud, material misrepresentation, and lack of valuable consideration.
    2. Declare Defendants' handling of Relator's funds, note, and trust as violations of fiduciary and contractual obligations under state and federal law.
2. **Equitable Relief:**
    1. Order the return of Relator's original note and trust assets.
    2. Require Defendants to perform a forensic audit of all transactions related to the Relator's note, trust, and accounts.
    3. Impose an injunction barring Defendants from further misuse, securitization, or fractionalization of Relator's note and assets.

4. Require Defendants to correct all inaccuracies in Relator's financial records, including credit reports and tax filings, and or any default claims.

3. **Compensatory Damages:**

    1. Award damages for financial losses caused by Defendants' mismanagement of CARES Act funds, wrongful interest accruals, and misapplication of payments.
    2. Award damages for the reputational harm, loss of entrepuernership, and emotional distress resulting from

       Defendants' fraudulent and deceitful conduct.
    3. Correction of Relator's credit reports.
    4. Statutory and punitive damages under §1681n.

4. **Punitive Damages:**

    1. Award punitive damages to deter Defendants and other entities from engaging in similar fraudulent practices.

5. **Statutory Damages:**

    1. Award statutory damages under the Fair Credit Reporting Act (FCRA), Texas Business and Commerce Code §392, and other applicable statutes for each violation committed by Defendants.

6. **Forensic Accounting and Transparency:**

    1. Require Defendants to provide their GAAP-compliant financial ledgers related to the Relator's note, including all transactions, fractionalizations, and securitizations.
    2. Compel defense counsel to produce evidence of authority to act on behalf of Defendants, including retainers, debt collection bonds, and client contracts, to ensure compliance with legal and ethical standards.

7. **Disgorgement of Profits:**
    1. Order Defendants to disgorge all profits obtained from the securitization and trading of the Relator's note, ensuring these funds are returned to the Relator.
8. **Other Remedies Deemed Just and Proper:**
    1. Provide any additional relief this court finds necessary to ensure complete justice and accountability.

Respectfully submitted,

*/s/ Waldrup Estate, C/O: Aisha Waldrup*

C/O: Aisha Waldrup, Attorney-In-Fact

**UNITED STATES DISTRICT COURT** **SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| | ) | |
| **Waldrup Estate, c/o Aisha Waldrup, et al.,** | ) | |
| **Relators,** | ) | |
| **v.** | ) | **CIVIL NO. _4:24-cv-03275** |
| **Cardinal Financial Inc. c/o: U.S. Bank Shares,** | ) | |
| **Dovenmuehle Mortgage Inc.,** | ) | |
| **Freedom Mortgage Corp.,** | ) | |
| **Mortgage Electronic Registration Systems** | ) | |
| **MERS Inc.,** | ) | |
| **Experian Inc.,** | ) | |
| **Equifax Inc.,** | ) | |
| **Trans Union Inc.,** | ) | |
| **Freedom Holdings Corp., et al.,** | ) | |
| **Defendants.** | ) | |

## Declaration of Decree

**Texas Unsworn Declaration**

Pursuant to Texas Civil Practice & Remedies Code § 132.001

I, Waldrup Estate, c/o: Aisha Waldrup, of lawful age, hereby declare under penalty of perjury the following facts and assertions to be true and correct based on my personal knowledge and belief:

1. **Document Review and Analysis**

   I have thoroughly reviewed and comprehended the contents of the document titled "PLAINTIFFS AMENDED COMPLAINT CLARIFICATION AND NEW PARTIES_FINAL." This document was submitted as part of the legal proceedings in the matter referenced as **CIVIL NO. 4:24-cv-03275** in the **United States District Court, Southern District of Texas**.

2. **Basis of Claims**

   This declaration aligns with the claims and factual allegations set forth in the amended complaint, including but not limited to:

   - Violations of the Texas Trust Code §§ 112.031, 112.032, and 112.054.
   - Mismanagement of federal CARES Act funds, resulting in financial and reputational harm.
   - Noncompliance with Uniform Commercial Code (UCC) provisions and other statutory obligations, including violations of fiduciary duties.
   - Attorney misconduct, encompassing professional ethics violations and fraudulent concealment.

3. **Equitable Doctrines and Legal Principles**

   The actions of the Defendants constitute ongoing misconduct as articulated within the amended complaint. This misconduct invokes the doctrines of equitable tolling, equitable estoppel, discovery, and the statute of frauds, particularly given the Defendants' systematic concealment of material facts, including but not limited to financial mismanagement and document inaccuracies.

4. **Relief and Remedies Requested**

   As detailed within the amended complaint, I assert a claim for comprehensive relief, including declaratory judgment, equitable relief, compensatory damages, and punitive damages, as outlined therein.

5. **Verification of Authenticity**

   This declaration serves as a verification of the facts, claims, and evidence presented in the document, to the best of my knowledge, belief, and understanding.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on this 21 day of ~~[Month]~~ January, [Year] 2025, in the County of [County Name], State of Texas.

Respectfully submitted, aisha waldrup, authorize Rep

---

Waldrup Estate, c/o: Aisha Waldrup

Attorney-In-Fact

**Notice to All Parties**

This declaration is submitted in alignment with Texas Civil Practice & Remedies Code § 132.001, and it replaces the requirement for a notarized affidavit for filings within the state of Texas. Non-compliance by the Defendants with procedural or substantive obligations outlined herein will result in further legal action.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS** Waldrup Estate c/o: Aisha Waldrup

**(b)** County of Residence of First Listed Plaintiff ______
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

**DEFENDANTS** Cardinal Financial, Dovenmuehle Mtg, MERS, Freedom Mtg, ~~Kathryn Davis~~ Experian, Equifax, Trans Union, Freedom Holding Corp

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: ~~IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.~~

Attorneys *(If Known)* Kathryn Davis

United States Courts
Southern District of Texas
FILED
JAN 27 2025
Nathan Ochsner, Clerk of Court

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☒ 140 Negotiable Instrument
- ☒ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☒ 430 Banks and Banking
- ☒ 450 Commerce
- ☐ 460 Deportation
- ☒ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*
- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: UCC Article 9, Civil RICO 18 U.S.C 1964
Brief description of cause:

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ $677,502.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE ______ DOCKET NUMBER ______

DATE ______ SIGNATURE OF ATTORNEY OF RECORD ______

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

United States Courts
Southern District of Texas
FILED
JAN 27 2025
Nathan Ochsner, Clerk of Court

# EXHIBIT SHEET A

a motion to dismiss.[6] A complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[7] It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[8] While not a "probability requirement," the plausibility standard announced in *Twombly* and *Iqbal* requires "more than a sheer possibility that a defendant has acted unlawfully."[9] "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[10]

Because Plaintiff is proceeding *pro se*, MERS understands the Complaint is to be construed with all possible deference.[11] However, "such a liberal construction does not require that the Court or a defendant create causes of action where there are none."[12] A court need not "conjure up unpled allegations or construe elaborately arcane scripts" to save a *pro se* complaint.[13] Even when liberally construed, Plaintiff's Complaint fails to state any claims against MERS upon which relief can be granted.

**B. Plaintiff's Claim for Violation of the Truth and Lending Act ("TILA") and Regulation Z Fail as a Matter of Law.**

Plaintiff claims that defendants violated the TILA by "failing to provide proper closing disclosures, inaccurate disclosures on closing statements, including a missing $4600 refund, and

[6] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).
[8] *Id.* (quoting *Twombly*, 550 U.S. at 570).
[9] *Id.* (quoting *Twombly*, 550 U.S. at 557).
[10] *Id.*
[11] See, e.g., *Coleman v. Lincoln Par. Det. Ctr.,* 858 F.3d 307, 309 (5th Cir. 2017) ("This court affords *pro se* pleadings liberal construction.").
[12] *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013).
[13] *Govea v. ATF*, 207 F. App'x 369, 372 (5th Cir. 2006) (per curiam) (internal quotation marks omitted).

failure to give written notice of rescission rights, per CFPB 1026.23."[14] Regulation Z implements the Truth in Lending Act (15 U.S.C. § 1601, et. seq.)[15]

However, Plaintiff's claims are time-barred and her factual allegations are insufficient to state a claim for relief. 15 U.S.C. § 1635(f) provides that an obligor's right of rescission shall expire three years after the date of consummation of the transaction or the sale of the property, whichever occurs earlier. An alleged TILA violation relating to loan disclosures accrues when the loan is consummated---at the closing of the loan.[16] The Loan closed on January 15, 2021, and therefore, any right to rescission of the Loan has expired.[17] Accordingly, Plaintiff's TILA-based claims are barred by the statute of limitations and should be dismissed.

Even if not time-barred, Plaintiff cannot state a claim for violation of the TILA against MERS. The TILA and Regulation Z require a "creditor" to provide the borrower with certain disclosures which set out the key terms of the loan.[18] Plaintiff's claim is fatally flawed because MERS does not qualify as the "creditor" who, under the TILA, was responsible for providing the required disclosures. A lender is "the person to whom the debt arising from the consumer credit transaction [was] initially payable on the face of the evidence of indebtedness."[19] Here, the Lender is Cardinal Financial Company and MERS simply acted "solely as a nominee for" the Lender.[20] Federal courts have found that MERS is neither a creditor nor assignee as defined by the TILA and thus cannot be liable under the TILA.[21] Therefore, even if Plaintiff's TILA claim was not

---

[14] Compl. at 2.
[15] *See* 12 CFR § 1026.1(a).
[16] *Moor v. Travelers Ins. Co.,* 784 2d 632, 633-34 (5th Cir. 1986).
[17] Ex. B.
[18] 15 U.S.C. § 1631, 1632; 12 C.F.R. § 226.1(a).
[19] *See* 15 U.S.C. § 1602, 1631.
[20] Ex. B.
[21] See *Stephens v. Bank of Am. Home Loans, Inc.*, 2017 U.S. Dist. LEXIS 10228, *8 (E.D.N.C. Jan. 25, 2017) ("numerous courts have found that MERS is neither a creditor nor assignee under TILA and this court agrees"), *Slimm v. Bank of Am. Corp.*, 2013 U.S. Dist. LEXIS 62849, *50, note 25 (D.NJ. May 2, 2013) ("At the outset, however, the

time-barred—which it appears it is---Plaintiff cannot state a TILA claims against MERS for allegedly failing to make loan origination disclosures and the Court should dismiss this claim.

**C. Plaintiff's Claim for Violation of the Real Estate Settlement Procedures Act ("RESPA") Fails.**

Although not a model of clarity, Plaintiff's claim for violation of the RESPA is premised on the same purported lack of disclosures as Plaintiff's TILA based claims.[22] Much like the TILA claim, MERS was not the loan originator and the same rationale and dismissal should apply to Plaintiff's RESPA claim. Moreover, Plaintiff fails to state what section of RESPA was violated and how. Thus, Plaintiff's RESPA claim fails to meet even the most basic requirements of Rule 8 of the Federal Rules of Civil Procedure.[23]

Moreover, like Plaintiff's claim for violation of the TILA, Plaintiff's claim for violation of the RESPA is also subject to a three-year limitations period from when the violation occurred.[24] Thus to the extent Plaintiff's claims on based on the failure to provide disclosures at the Loan's origination on or around January 15, 2021, such claim is time-barred and the Court must dismiss it.

**D. Plaintiff is Not Entitled to Injunctive Relief.**

Finally, Plaintiff seeks an injunction to prevent foreclosure of the Property.[25] As discussed herein above, Plaintiff's substantive claims fail as a matter of law. As such, Plaintiff is not entitled to injunctive relief as requested. To obtain injunctive relief, a plaintiff must prove: "(1) a substantial likelihood of success on the merits of the movant's claims; (2) a substantial threat that movant will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to

---

Court dismisses this claim against Defendant MERS, as it has previously been recognized by numerous federal courts that MERS is neither a creditor nor assignee as defined by TILA, and therefore cannot be held liable under its terms.")

[22] *See* Compl. at 2.

[23] *See* Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

[24] *See* 12 U.S.C. § 2614; *see also Snow v. First Am. Title Ins. Co.*, 332 F.3d 356, 359 (5th Cir. 2003).

[25] Compl. at 3.

the movant outweighs any harm that the other party might suffer if the injunction is entered; and (4) an injunction will not disserve the public interest."[26] Because Plaintiff has failed to plead a viable cause of action against MERS, Plaintiff is not entitled to injunctive relief.

## III. CONCLUSION

For the reasons set forth herein, Plaintiff has failed to state any claim for relief against MERS upon which relief may be granted, and MERS respectfully requests that the Court dismiss Plaintiff's claims with prejudice and for all relief at law or equity to which MERS has shown itself entitled.

Respectfully submitted,

By: */s/ Kathryn B. Davis*
**KATHRYN B. DAVIS**
State Bar No. 24050364
kdavis@mcglinchey.com
**MCGLINCHEY STAFFORD, PLLC**
1001 McKinney, Suite 1500
Houston, Texas 77002
Telephone : (713) 520-1900
Facsimile: (713) 520-1025

**ATTORNEYS FOR DEFENDANT MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

---

[26] *AT&T Communications of the Southwest, Inc. v. City of Dallas, Tex.*, 52 F.Supp.2d 756, 759 (N.D. Tex. 1998)(*citing Sierra Club v. City of San Antonio,* 112 F.3d 789, 793 (5th Cir. 1997)).

# EXHIBIT SHEET B

Exhbit 6

P-5

# STATE OF WASHINGTON
## DEPARTMENT OF FINANCIAL INSTITUTIONS
## DIVISION OF CONSUMER SERVICES

| | |
|---|---|
| IN THE MATTER OF DETERMINING Whether there has been a violation of the Escrow Agent Registration Act of Washington by:<br><br>MORTGAGE CONNECT, LP<br><br>Respondent. | No. C-15-1622<br><br>CONSENT ORDER |

COMES NOW the Director of the Department of Financial Institutions (Director), through his designee Charles E. Clark, Division Director, Division of Consumer Services, and Mortgage Connect, LP (Respondent), and finding that the issues raised in the above-captioned matter may be economically and efficiently settled, agree to the entry of this Consent Order. This Consent Order is entered pursuant to chapter 18.44 of the Revised Code of Washington (Act), and Revised Code of Washington 34.05.060 (Administrative Procedure Act), based on the following:

## FINDINGS OF FACT

1.1 Respondent is located at 260 Airside Drive, Moon Township, PA 15108.

1.2 Respondent has never been licensed by the Department of Financial Institutions of the State of Washington (Department) to conduct business as an escrow agent in the State of Washington.

1.3 Unlicensed Activity. Between at least December 1, 2012 and December 1, 2014, Respondent performed escrow functions in at least 563 Washington residential mortgage loan transactions. Although Respondent arranged for a Washington-licensed title insurance agency or authorized title insurance company to perform certain closing functions for these transactions, Respondent itself performed escrow functions in each of these transactions.

Unofficial Copy Office of Marilyn Burgess District Clerk



DEPARTMENT OF FINANCIAL INSTITUTIONS
Division of Consumer Services
150 Israel Rd SW
PO Box 41200
Olympia, WA 98504-1200
(360) 902-8703

RP-2024-256170
07/16/2024 RP1 $65.25

AISHA WALDRUP 2024_18646 ORDER

P-6

Pgs-6

TRORX
STBNX
CASO

#7 Order 1685

CAUSE NO. 2024-18646

AISHA WALDRUP and HOUSEHOLD

PLAINTIFF(S),

v.

Jeff Leva, Meghan Rolla, Stanley Middleman, Nestor Solutions, LLC, Mortgage Connect and "IT'S assignors, and or successors, Auction.com, Anna Sewart, David Barry, Byron Sewart, Austin DuBois, John Burger, Martin Beltran, Patrica Poston, Amar Sood, David Poston, Nick Poston, Chris Poston, Roy Crush, Steve Leva, Sandy Dasigenis, Sabrina Palmer, Jim Mills, Susan Mills, Andrew Mills-Middlebrook, George Hawthorne, Ed Henderson, Rex Kesler, Doug Malloy, Alexandra Holub, Marlene Zografos, Mortgage Electronic Registration Systems, Cardinal Financial Company, Limited Partnership/Dovenmuehle Mortgage, Inc., Its successors and assigners, Thomas E. Black Jr., Chaparral Management, (HOA)

DEFENDANT(S),

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

JUDICIAL DISTRICT

FILED
Marilyn Burgess
District Clerk
MAR 31 2024
Time:
By Harris County, Texas
Deputy

RP-2024-256170

**TEMPORARY RESTRAINING ORDER AND RESCISSION OF MORTGAGE**

*ON THIS DATE* the Plaintiff(s) are applying for an Emergency Restraining Order and Rescission of Mortgage incorporation into an Original Petition (2024-18646). Application for Injunctive Relief is based upon the exhibits, records, and documents filed by Plaintiff(s) and presented to the Court.



Certified Document Number: 114706160 - Page 1 of 6

RECORDER'S MEMORANDUM
This instrument is of poor quality at the time of imaging.

Any provision herein which restrict the sale, rental or use of the described Real Property because of color or race is invalid and unenforceable under the Federal Law. Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 1 of 8
Attest: 7/17/2024
Teneshia Hudspeth, County Clerk
Harris County, Texas

Deputy
Ana C Morales Montemayor

CON 1614682|RP-2024-256170

COUNTY COURT OF HARRIS COUNTY, TEXAS

Scanned with CamScanner

RP-2024-256170

Certified Document Number: 114706160 - Page 2 of 6

IT CLEARLY APPEARS THAT:

A. Jeff Leva, Meghan Rolla, Stanley Middleman, Nestor Solutions, LLC, Mortgage Connect and "IT'S assignors, and or successors, Auction.com, Anna Sewart, David Barry, Byron Sewart, Austin DuBois, John Burger, Martin Beltran, Patrica Poston, Amar Sood, David Poston, Nick Poston, Chris Poston, Roy Crush, Steve Leva, Sandy Dasigenis, Sabrina Palmer, Jim Mills, Susan Mills, Andrew Mills-Middlebrook, George Hawthorne, Ed Henderson, Rex Kesler, Doug Malloy, Alexandra Holub, Marlene Zografos, Mortgage Electronic Registration Systems, Cardinal Financial Company, Limited Partnership/Dovenmuehle Mortgage, Inc., Its successors and assigners, Thomas E. Black Jr., Chaparral Management, (HOA), is/are practicing unlaw debt collection practices, hindering a consumer of due process by false and misleading action, altering officially recorded documents.

B. Defendants failed to provide written notice during required time period per Federal Depository Insurance Corporation (FDIC) & Consumer Financial Protection Bureau (CFPB) required notices of "Right of Rescission".

C. Original mortgage agreement contained violations of the Truth-in-Lending Act (TILA), the Real Estate Settlement Procedures Act (RESPA), and Regulation Z, including:

D. Failure to provide proper closing disclosures.



Any provision herein which restrict the sale, rental or use of the described Real Property because of color or race is invalid and unenforceable under the Federal Law. Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 2 of 8
Attest: 7/17/2024
Teneshia Hudspeth, County Clerk
Harris County, Texas

Deputy

Ana C Morales Montemayor

CON.1614682|RP-2024-256170

COUNTY COURT OF HARRIS COUNTY, TEXAS

Scanned with CamScanner

E. Inaccurate disclosures on closing statements, including a missing $4600 refund.

F. Failure to give written notice of rescission rights, per CFPB 1026.23.

G. Falsely claimed Defendants, as the original creditor.

H. Changed Plaintiff's original escrow number.

I. Created errors in the original legal description, guarantee file number/escrow number, and other crucial information.

J. Plaintiff seeks to rescind the original mortgage agreement.

Defendant(s) has initiated foreclosure proceedings on the property despite lacking a valid lien. It is ordered to immediately enjoined and restrained, Above reference company(s) have unlawful intentions to sell the Property, as Defendants have already claim title to Property depriving Plaintiff(s) of ownership of the Property identified and described in the Petition Plaintiff(s) to be dispossessed of their homestead. Plaintiff(s) will suffer an immediate and irreparable harm and will have no adequate remedies under the law., and Defendant(s) may commit the foregoing before notice and hearing on Plaintiff(s) Application for Temporary Injunction.



RP-2024-256170

Certified Document Number: 114706160 - Page 3 of 6

Any provision herein which restrict the sale, rental or use of the described Real Property because of color or race is invalid and unenforceable under the Federal Law. Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 3 of 8
Attest: 7/17/2024
Teneshia Hudspeth, County Clerk
Harris County, Texas

Deputy

Ana C Morales Montemayor

CON 1614682|RP-2024-256170

COUNTY COURT OF HARRIS COUNTY, TEXAS

Scanned with CamScanner

E. Inaccurate disclosures on closing statements, including a missing $4600 refund.

F. Failure to give written notice of rescission rights, per CFPB 1026.23.

G. Falsely claimed Defendants, as the original creditor.

H. Changed Plaintiff's original escrow number.

I. Created errors in the original legal description, guarantee file number/escrow number, and other crucial information.

J. Plaintiff seeks to rescind the original mortgage agreement.

Defendant(s) has initiated foreclosure proceedings on the property despite lacking a valid lien. It is ordered to immediately enjoined and restrained, Above reference company(s) have unlawful intentions to sell the Property, as Defendants have already claim title to Property depriving Plaintiff(s) of ownership of the Property identified and described in the Petition Plaintiff(s) to be dispossessed of their homestead. Plaintiff(s) will suffer an immediate and irreparable harm and will have no adequate remedies under the law., and Defendant(s) may commit the foregoing before notice and hearing on Plaintiff(s) Application for Temporary Injunction.



RP-2024-256170

Certified Document Number: 114706160 - Page 3 of 6

Any provision herein which restrict the sale, rental or use of the described Real Property because of color or race is invalid and unenforceable under the Federal Law. Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 3 of 8
Attest: 7/17/2024
Teneshia Hudspeth, County Clerk
Harris County, Texas

Deputy

Ana C Morales Montemayor

CON 1614682|RP-2024-256170

COUNTY COURT OF HARRIS COUNTY, TEXAS

Scanned with CamScanner

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED to immediately enjoined and restrained above Defendants have unlawful intentions to sell the Property. Plaintiff is in need of relief of original mortgage due to potential criminal activities Defendant(s) convoluted Plaintiff(s) into accepting non-prohibited funds from Defendant(s) immediately may commit the foregoing before notice and hearing on Plaintiff's s Application for Temporary Injunction.

That Defendant(s), their Trustee(s), agents, employees, directors, shareholders, and legal counsel, are hereby ORDERED to immediately cease and desist from taking any further foreclosure action to sell the Property and Rescission of Instrument (No. RP - 2021-26426), (including, but not limited to, sending notices of default, acceleration, and foreclosure sale listings, foreclosure sale) which is the subject matter of this lawsuit and is commonly known as 17107 Mountain Crest Drive, Spring, TX 77379. Defendant(s), their agents, employees, directors, shareholders, and legal counsel, are hereby immediately enjoined and restrained from the date of until further ordered by this Court.

That Plaintiff(s) Application for Temporary Injunction be heard on the



RP-2024-256170

Certified Document Number: 114706160 - Page 4 of 6

Any provision herein which restrict the sale, rental or use of the described Real Property because of color or race is invalid and unenforceable under the Federal Law. Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 4 of 8
Attest: 7/17/2024
Teneshia Hudspeth, County Clerk
Harris County, Texas

Deputy

Ana C Morales Montemayor

CON 1614682|RP-2024-256170

COUNTY COURT OF HARRIS COUNTY, TEXAS

Scanned with CamScanner

10 day of ~~July, 2023~~ June, 2024 starting at 3:00 p.m. in the courtroom of the 11th District Court of Harris County located at in the Harris County Courthouse,

201 Caroline Street, Houston, Texas 77002 and that Defendant(s) are commanded to appear at that time and show cause, if any, why a temporary injunction should not be issued against Defendant.

The Clerk of the above-entitled court shall issue a notice of entry of a temporary

restraining order in conformity with the law and the terms of this Order, to include a copy of this

Order, upon the filing by Claimant of the bond hereinafter set.

This Order shall not be effective until Plaintiff deposits with the Harris County

District Clerk, a bond in the amount of $ 100 , in due conformity with applicable law. The bond may be in the form of cash, cashier's check, or a check drawn from operating account of Plaintiffs attorney's law firm.



RP-2024-256170

Certified Document Number: 114706160 - Page 5 of 6

Any provision herein which restrict the sale, rental or use of the described Real Property because of color or race is invalid and unenforceable under the Federal Law. Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 5 of 8
Attest: 7/17/2024
Teneshia Hudspeth, County Clerk
Harris County, Texas

Deputy

Ana C Morales Montemayor

CON 1614682|RP-2024-256170

COUNTY COURT OF HARRIS COUNTY, TEXAS

Scanned with CamScanner

AISHA WALDRUP 2024_18646 ORDER

SIGNED and ENTERED this the day of.

Signed:

Signed:
6/3/2024
1:25 PM
PRESIDING JUDGE

RP-2024-256170

Certified Document Number: 114706160 - Page 6 of 6



Any provision herein which restrict the sale, rental or use of the described Real Property because of color or race is invalid and unenforceable under the Federal Law. Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy - Page 6 of 8
Attest: 7/17/2024
Teneshia Hudspeth, County Clerk
Harris County, Texas

Deputy

Ana C Morales Montemayor

CON 1614682|RP-2024-256170

COUNTY COURT OF HARRIS COUNTY, TEXAS

Scanned with CamScanner

[redacted]

I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this July 5, 2024

Certified Document Number: 114706160

RP-2024-256170

Marilyn Burgess

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

√√ Ret to:
Aisha Waldrup
17109 Mountain Crest Dr
Spring TX 77379.
joy4aisha@gmail.com
(281) 901-4306

**RECORDER'S MEMORANDUM:**
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

**Any provision herein which restrict the sale, rental or use of the described Real Property because of color or race is invalid and unenforceable under the Federal Law. Confidential information may have been redacted from the document in compliance with the Public Information Act.**

A Certified Copy - Page 7 of 8
Attest: 7/17/2024
**Teneshia Hudspeth, County Clerk**
Harris County, Texas

COUNTY COURT OF HARRIS COUNTY, TEXAS

_______________ Deputy

CON 1614682|RP-2024-256170

Ana C Morales Montemayor

Scanned with CamScanner

**FILED FOR RECORD**

**2:35:59 PM**

**Tuesday, July 16, 2024**

Teneshia Hudspeth

**COUNTY CLERK, HARRIS COUNTY, TEXAS**

RP-2024-256170

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.

THE STATE OF TEXAS
COUNTY OF HARRIS

I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time stamped hereon by me; and was duly RECORDED; in the Official Public Records of Real Property of Harris County Texas

**Tuesday, July 16, 2024**

Teneshia Hudspeth

COUNTY CLERK
HARRIS COUNTY, TEXAS

COUNTY COURT OF HARRIS COUNTY, TEXAS

**Any provision herein which restrict the sale, rental or use of the described Real Property because of color or race is invalid and unenforceable under the Federal Law. Confidential information may have been redacted from the document in compliance with the Public Information Act.**

**A Certified Copy - Page 8 of 8**
**Attest: 7/17/2024**
**Teneshia Hudspeth, County Clerk**
**Harris County, Texas**

______________________ **Deputy**

Ana C Morales Montemayor

CON 1614682|RP-2024-256170

COUNTY COURT OF HARRIS COUNTY, TEXAS

Scanned with CamScanner

Gmail

Aisha Waldrup <joy4aisha@gmail.com>

---

**3rd attempt "Rights of defendants"**

1 message

---

**Aisha Waldrup** <joy4aisha@gmail.com> Wed, Sep 18, 2024 at 6:47 AM
To: "Davis, Kasey" <kdavis@mcglinchey.com>
Bcc: communityrehabb@gmail.com, noticetorescind@gmail.com

Hello,

Kathryn, you stated that defendants have the 'right' to maintain two active federal cases with the same plaintiff regarding the same claim.

To ensure a clear understanding, could you please provide the specific statute, code, United States Code provision, constitutional provision, or any other legal authority that explicitly grants defendants this right?

Providing the exact citation will allow us to review the relevant law and understand the basis for your actions."

Please reply as soon as possible, so the courts can be addressed accordingly. As you understand that that subject matter must be addressed because we have 2 Active Federal Court cases with the same claim, defendants, and plaintiffs.

If you are unable to provide the specific statute, code, United States Code provision, constitutional provision, or any other legal authority that explicitly grants defendants this right, I will accept your lack of reply as acquiescence.

Thank you.

# EXHIBIT SHEET C

**Gmail** **Aisha Waldrup <joy4aisha@gmail.com>**

---

## 17107 Mountain Crest Drive

3 messages

---

**Aisha Waldrup** <joy4aisha@gmail.com> Tue, Jun 4, 2024 at 9:49 AM
To: "mary.putscher@cd4.hctx.net" <mary.putscher@cd4.hctx.net>

This is the second email out of two. I apologize I tried to attach this document but did not see a way possible so I had to send two emails.

This is a document that may contain some of the information in which you all were seeking this morning.

---

**17107 Mountain Crest Dr Property Information - Realtors Property Resource.pdf**
1008K

---

**Putscher, Mary (CD4)** <Mary.Putscher@cd4.hctx.net> Tue, Jun 4, 2024 at 9:54 AM
To: Aisha Waldrup <joy4aisha@gmail.com>

Good Morning,

As Cpl. Chambers mentioned, there is nothing in our system for this address. I will forward to him the information.

**Mary Putscher, Assistant Chief Clerk**

**Civil/Warrants/Writs**

**Office of**

**Mark Herman, Constable**

**Harris County, Precinct 4**

330 Meadowfern, 2nd Floor

Houston, Texas 77067

Office: 832-927-6123 Fax: 832-927-6193

Gmail

Aisha Waldrup <joy4aisha@gmail.com>

---

## 17107 Mountain Crest Drive

1 message

---

**Aisha Waldrup** <joy4aisha@gmail.com> Tue, Jun 4, 2024 at 9:48 AM
To: mary.putscher@cd4.hctx.net

My name is Aisha Waldrup. I am the owner of 17107 Mountain Crest Drive Spring TX. Enclosed in this email is a TRO & Mortgage rescission.

If you have any further questions, feel free to send via the email in which this document came, Or you can reach me at 281-901-4306

Respectfully,
Aisha

---

**17107 Mountain Crest Dr_TRO & Mortgage .pdf**
1694K

**UNITED STATES DISTRICT COURT** **SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **Waldrup Estate, c/o Aisha Waldrup, et al.,** | **)** | |
| **Relators,** | **)** | |
| **v.** | **)** | **CIVIL NO. _4:24-cv-03275** |
| **Cardinal Financial Inc. c/o: U.S. Bank Shares,** | **)** | **JURY DEMAND** |
| **Dovenmuehle Mortgage Inc.,** | **)** | **"JUDGES COPY"** |
| **Freedom Mortgage Corp.,** | **)** | **JUDGE ALFRED BENNET** |
| **Mortgage Electronic Registration Systems** | **)** | |
| **MERS Inc.,** | **)** | |
| **Experian Inc.,** | **)** | |
| **Equifax Inc.,** | **)** | |
| **Trans Union Inc.,** | **)** | |
| **Freedom Holdings Corp., et al.,** | **)** | |
| **Defendants.** | **)** | |

**Non-Paper Exhibits:**

1. Phone call with the precinct 4 constables office around or about May or June 2024
2. Phone advising MERS of the exparte final judgement removing the fraudulent liens on or around June 03, 2024, giving Defendants notice to appear June 10, to contest per judges orders.

Respectfully submitted,

/s/ Waldrup Estate, C/O: Aisha Waldrup

C/O: Aisha Waldrup, Attorney-In-Fact

**UNITED STATES DISTRICT COURT** **SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **Waldrup Estate, c/o Aisha Waldrup, et al.,** | | **)** |
| **Relators,** | **)** | |
| **v.** | **)** | **CIVIL NO. _4:24-cv-03275** |
| **Cardinal Financial Inc. c/o: U.S. Bank Shares,** | **)** | **JURY DEMAND** |
| **Dovenmuehle Mortgage Inc.,** | **)** | **"JUDGES COPY"** |
| **Freedom Mortgage Corp.,** | **)** | **JUDGE ALFRED BENNET** |
| **Mortgage Electronic Registration Systems** | **)** | |
| **MERS Inc.,** | **)** | |
| **Experian Inc.,** | **)** | |
| **Equifax Inc.,** | **)** | |
| **Trans Union Inc.,** | **)** | |
| **Freedom Holdings Corp., et al.,** | **)** | |
| **Defendants.** | **)** | |

**Non-Paper Exhibits:**

1. Phone call with the precinct 4 constables office around or about May or June 2024
2. Phone advising MERS of the exparte final judgement removing the fraudulent liens on or around June 03, 2024, giving Defendants notice to appear June 10, to contest per judges orders.

Respectfully submitted,

/s/ Waldrup Estate, C/O: Aisha Waldrup

C/O: Aisha Waldrup, Attorney-In-Fact