JUL 29 PM

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF TEXAS – HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

JUL 29 2025

Nathan Ochsner, Clerk of Court

**In re:**
**AISHA T. WALDRUP,**
**Chapter 13 – Judge Marvin Isgur - Case No. 25-31753**
**Related Adversary Proceeding:** 24-03282

## NOTICE OF OBJECTION TO DEFENDANTS' MOTION(S) TO DISMISS (RULE 12(B)(6)) PURSAUNT TO U.S.C. 42 U.S.C. § 1983, LACK OF LAWFUL JURISDICTION, AND TEXAS RULE 120(A)

---

COMES NOW, Aisha Waldrup, a living woman, appearing in limited special appearance pursuant to Texas Rule 120a, Proper Persona, (Pro Per), to formally oppose the Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) filed by Constructed Defendants Freedom Mortgage Corporation, Nestor Solutions LLC, MERS, ARCHWELL, ARCHWELL HOLDINGS, JEFF LEVA, ETC., and states as follows:

---

## I. SUMMARY OF THE 12(b)(6) STANDARD

Under Rule 12(b)(6), dismissal is only appropriate if, assuming all well-pleaded facts in the complaint to be true, the complaint fails to state a claim upon which relief can be granted. See *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

This standard demands:

1. A proper civil complaint,
2. Service upon a named party,
3. A claim for relief against that party,
4. That all facts alleged be taken as true for purposes of the motion.

---

## II. APPLICATION TO TEXAS GOV'T CODE § 51.903

This matter originated as a non-adversarial, **ex parte judicial review under Texas Gov't Code § 51.903**, filed on March 22, 2024. It:

- Named **no opposing parties;**
- Was **not a civil complaint** under state or federal law;
- Involved **no service, summons, or claim**;
- Requested **no relief against any defendant**;
- Is governed by **ministerial review procedures**.
- This judicial review was usurped by a fraudulent Notice of Removal filed on or about June 7, 2024, by Ms. Kathryn Buza Davis, who at that time:
- Had **no valid notice of appearance** on file as lead counsel for any party;
- Filed a removal despite there being **no served complaint**;
- Alleged diversity jurisdiction fraudulently, despite Freedom Mortgage's **ongoing and numerous litigation activities in Harris County** (see attached list);
- Acted as purported lead counsel for at least **four separate defendants** across unrelated cases.

---

## I. SACRED INTRODUCTION

This sacred judicial notice is entered by the Private Living Woman, in limited appearance, pursuant to Texas Rule 120(a), not as surety, subject, or representative of any artificial person. This is not a plea for favor, but a lawful and spiritual demand for clarification, correction, and cessation of prejudice, grounded in Article III, U.S. Constitution; 15 U.S.C. § 1635; 12 C.F.R. § 1026.23; Supreme Court precedent (Jesinoski v. Countrywide, 574 U.S. 259); and binding guidance from the Consumer Financial Protection Bureau (CFPB).

---

## II. VERIFIED FACTS & TIMELINE

1. January 15, 2021: Cardinal Financial presented the closing disclosures and executed documents at American Title Company in Spring, Texas.
2. January 15, 2021: Cardinal failed to provide three-day right to cancel and omitted material disclosures; page 3 of 7 was blank.
3. January 15, 2021: Disclosures misrepresented earnest money, failed to deduct a $4,600 refund, and increased loan balance.
4. January 15, 2021: Cardinal falsely identified itself as lender; it was a broker using a warehouse line.
5. January 20, 2021: Dovenmuehle Mortgage recorded collateralization of the promissory note.
6. May 2022: $10,000 payment not credited to loan account.
7. October 19, 2023: Lawful Notice of Mortgage Rescission issued and mailed via certified mail.
8. March 22, 2024: Ex parte judicial review of fraudulent lien filed under Texas Gov. Code § 51.903.
9. June 3, 2024: District Court issued TRO acknowledging rescission and disclosure violations.
10. June 7, 2024: Kathryn Buza Davis filed fraudulent removal to federal court despite improper representation.
11. September 3, 2024 and February 2025: Additional removals filed without lawful notice or appearance.

12. April 1, 2025: Removal occurred under bankruptcy protection stay.
13. January 3, 2025: Judge Hanen acknowledged rescission timeline but erroneously ruled time-barred.
14. October 19, 2023 rescission was issued within the three-year TILA limit under 12 C.F.R. § 1026.23(h)(1).
15. CFPB and Jesinoski v. Countrywide confirm written notice is sufficient for rescission; no lawsuit or tender is required.
16. Freedom Mortgage continues foreclosure attempts despite lacking standing, violating federal disclosure law, and bypassing bankruptcy stay.

## III. FATAL DEFECTS IN DEFENDANTS' MOTION(S) TO DIMISS

17. **Lack of Civil Complaint:** There is no verified complaint against any defendant. The Rule 12(b)(6) mechanism requires a pending complaint. None exists here.
18. **No Summons or Service:** No party has been properly served. Federal courts lack jurisdiction over unserved ex parte filings. See *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).
19. **Lack of Standing by Movants:** Freedom Mortgage is not the secured party in the alleged lien. MERS MIN search confirms it is **inactive.** The deed of trust is in the name of a third-party entity (Cardinal Financial). Nestor Solutions is **prohibited from doing business in Texas** and has **no legal representation** on file.
20. **Inadmissible Exhibits:** The exhibits attached to the motion were submitted in violation of this court's June 17, 2025 Order and remain under seal due to unredacted personal data. These cannot be relied upon for any dispositive motion.

21. **Attorney Misrepresentation:** Ms. Davis filed conflicting affidavits of representation in Harris County District Court, the U.S. District Court, and Bankruptcy Court. On June 1, 2025, she admitted in her notice of appearance that she was **not lead attorney** for any party. This constitutes **fraud upon the court.**

22. **Improper Removal:** Removal was based on false claims of diversity jurisdiction. Freedom Mortgage has filed over **90 cases in Harris County,** and admitted Harris County is proper venue. It is not a diverse citizen for removal purposes. Nestor Solutions cannot do business in Texas and is not properly before this court.

23. **Contract Rescission Eliminates Standing:** The mortgage contract was never consummated due to material nondisclosures, omitted finance charges, and altered instruments. A timely **notice of rescission** was lawfully issued on October 19, 2023, under **15 U.S.C. § 1635(f)** and **Jesinoski v. Countrywide**, 574 U.S. 259 (2015). Constructed defendants (MERS, Freedom Mortgage, and Stanley Middleman) have already agreed the rescission window was Jan 15, 2021 – Jan 15, 2024.

## IV. VIOLATION OF RIGHTS UNDER 42 U.S.C. § 1983

24. This fraudulent use of the federal judiciary to obstruct ministerial due process and misrepresent jurisdiction constitutes a violation of civil rights under **42 U.S.C. § 1983**. The collusion between counsel and fictitious entities to suppress a lawful rescission and perpetuate false liens warrants strict scrutiny.

25. These actions, and the Court's failure to intervene or correct the record, constitute ongoing violations under color of law, as defined by 42 U.S.C. § 1983, and impose

liability for deprivation of federally protected rights, including but not limited to due process, equal protection, and rights secured under TILA.

## V. VIOLATIONS AND JUDICIAL DUTY

26. The Court's prior claims that rescission requires "payment" or "surrender" of property contradict 15 U.S.C. § 1635(b), 12 C.F.R. § 1026.23(d), and Jesinoski.
27. Ignoring rescission notices (Oct. 2023, Nov. 2023, June 2024) constitutes sacred due process violations, judicial bias, and obstruction.
28. Kathryn Buza Davis filed as lead for multiple entities, then denied representation without challenge by the Court.
29. Foreclosure activities continue in clear violation of:
    1. The rescission dated October 19, 2023;
    2. The June 3, 2024 TRO recognizing rescission;
    3. The stay issued under 11 U.S.C. § 362(a);
    4. CFPB regulatory guidance.

## VI. CONCLUSION

30. This motion is procedurally defective, substantively fraudulent, and must be denied in full. The court has no jurisdiction over:

- Unserved ex parte state filings,
- Entities not represented by lawful counsel,
- Removed cases based on false diversity claims.

A party cannot remove a state judicial review they were never a party to, were never served in, and over which they had no standing.

## VII. SACRED DEMAND FOR CLARIFICATION AND EQUITABLE CEASE-AND-DESIST

Respectfully, it is demands the following:

1. **Clarification of Rescission:**
    - Recognize the October 19, 2023 rescission as effective and valid.
2. **Immediate Injunctive Relief:**
    - Enforce duties under 15 U.S.C. § 1635(b) and 12 C.F.R. § 1026.23(d);
    - Enjoin all foreclosure proceedings;
    - Compel Freedom Mortgage to release lien and refund all funds.
3. **Correction of Judicial Record:**
    - Strike any statement conflicting with Jesinoski or CFPB authority;
    - Invalidate any liens or enforcement arising from the rescinded contract.
4. **Accountability for Court Officers:**
    - Require sworn clarification from Ms. Davis regarding her authority;
    - Strike all filings submitted without lawful representation.

**Respectfully submitted,**

this 29 day of July, 2025

By:
/s/ Aisha Waldrup
living woman, appearing in limited special appearance, in proper person, (Pro Per) sui juris (as lawfully permitted), the daughter of God Almighty

Private Mail Box: [7717 Louetta Road, Unit (11204), Klien Texas [77379]
"Private Mail Box, Texas Republic",
(not consenting to fraudulent collection of rescinded, un-consummated contracts.)

Certificate of Service:
I certify that on this date, a copy of this Notice was served via Hand delivery and, CM/ECF, upon all parties entitled to notice, including: Kathryn Buza Davis
(Purported Counsel for parties enter into the record without lawful notice of appearance), via CM/ECF

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF TEXAS – HOUSTON DIVISION**

**In re:**
**AISHA T. WALDRUP,**
**Chapter 13 – Judge Marvin Isgur - Case No. 25-31753**

**Related Adversary Proceeding:** 24-03282

**DECLARATION OF TRUTH AND FACT**

**IN SUPPORT OF OBJECTION TO MOTION TO DISMISS UNDER (RULE 12(B)(6)), PURSAUNT TO U.S.C. 42 U.S.C. § 1983, LACK OF LAWFUL JURISDICTION, AND TEXAS RULE 120(A)**

I, Aisha Waldrup, a Private Living Woman, appearing specially and not generally, in proper person, for the sole purpose of objecting to unlawful removal, misrepresentation, and judicial trespass upon sacred rights and property, hereby solemnly and truthfully declare as follows:

1. I am of sound mind, over the age of 18, competent to testify to the matters stated herein, and acting of my own free will and divine authority.

2. I make this Declaration before God Almighty, the Most High, who searches the hearts of all men and judges in righteousness.

3. The facts set forth in the **Sacred Verified Notice and Objection to Rule 12(b)(6) Motion to Dismiss**, including the verified rescission timeline, judicial errors, and constitutional violations, are true, correct, and based upon personal knowledge, public records, and direct documentation in my possession.

4. I lawfully rescinded the alleged mortgage contract on **October 19, 2023**, through proper written notice sent by certified mail in accordance with **15 U.S.C. § 1635, 12 C.F.R. § 1026.23,** and as affirmed in **Jesinoski v. Countrywide,** 574 U.S. 259 (2015).

5. Despite the rescission and the protections of the federal bankruptcy stay (11 U.S.C. § 362), multiple unlawful removals were attempted by various agents and attorneys, without verified authority or lawful standing, constituting violations under **42 U.S.C. § 1983** and color of law.

6. The mortgage loan was never consummated under Texas law due to material omissions, nondisclosure of creditor identity, and re-inflated balances involving uncredited refunds and mismatched loan identifiers.

7. The United States Bankruptcy Court and all officers therein are now on judicial notice that continued interference with my rights, including the right to rescind, right to be free from compelled contracts, and the right to equitable protection of my homestead, shall constitute further color-of-law violations, triggering liability and accountability.

8. I declare and affirm that no court, creditor, agent, or artificial person has lawfully rebutted the rescission, nor produced a verified claim, contract, or lawful accounting showing mutual assent, disclosure, and true consideration.

9. I make this declaration as a matter of sacred record, in honor of my covenant with God Almighty, The Most High, and in defense of truth, righteousness, and the divine laws of equity.

10. All lawful conclusions and remedies requested in the Sacred Objection, including denial of the Rule 12(b)(6) Motion, injunctions, clarification, and full discharge of alleged obligations, are hereby affirmed and demanded by right.

11. The Court's prior claims that rescission requires "payment" or "surrender" of property contradict 15 U.S.C. § 1635(b), 12 C.F.R. § 1026.23(d), and Jesinoski.

12. Ignoring rescission notices (Oct. 2023, Nov. 2023, June 2024) constitutes sacred due process violations, judicial bias, and obstruction.

13. Kathryn Buza Davis filed as lead for multiple entities, then denied representation without challenge by the Court.

14. Foreclosure activities continue in clear violation of:

    1. The rescission dated October 19, 2023;
    2. The June 3, 2024 TRO recognizing rescission;
    3. The stay issued under 11 U.S.C. § 362(a);
    4. CFPB regulatory guidance.

15. These actions, and the Court's failure to intervene or correct the record, constitute ongoing violations under color of law, as defined by 42 U.S.C. § 1983, and impose liability for deprivation of federally protected rights, including but not limited to due process, equal protection, and rights secured under TILA.

**V. RESERVATION OF RIGHTS**

All rights reserved under equity, divine covenant, the Texas Constitution (Art. I, §§ 1, 2, 3, 19, 29), the U.S. Constitution (1776/1787), including First and Fifth Amendments, and all protections afforded to private, living American nationals appearing in proper person. Nothing herein shall be construed as consent to jurisdiction beyond what is lawfully granted.

Respectfully submitted,
this 29 day of July, 2025

By:
/s/ Aisha Waldrup
living woman, appearing in limited special appearance, in proper person, (Pro Per) sui juris (as lawfully permitted), the daughter of God Almighty

Private Mail Box: [7717 Louetta Road, Unit (11204), Klien Texas [77379]

"Private Mail Box, Texas Republic",

(not consenting to fraudulent collection of rescinded, un-consummated contracts.)